UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAKESK DEWAYNE WHITE,

    Petitioner,

v.

Case No. 2:18-cv-11582
Hon. Avern Cohn

TOM WINN,

    Respondent.
_____/

### ORDER DIRECTING PETITIONER TO INFORM THE COURT HOW HE WANTS TO PROCEED WITH HIS "MIXED" PETITION

#### I. Introduction

This is a pro se habeas corpus case under 28 U.S.C. § 2254. Petitioner Rakesk Dewayne White was convicted of two counts of first-degree murder, Mich. Comp. Laws § 750.316(1)(a), three counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, one count of possession of a firearm by a felon, Mich. Comp. Laws § 750.224f, and one count of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner is serving a life sentence without the possibility of parole for the murder conviction and lesser terms of imprisonment for the other convictions. The Michigan Court of Appeals affirmed his convictions in an appeal of right, see People v. White, No. 326701, 2016 WL 4008532 (Mich. Ct. App. July 26, 2016), and on November 30, 2016, the Michigan Supreme Court denied leave to appeal. See People v. White, 887 N.W.2d 624 (Mich. 2016), reconsideration denied, 895 N.W.2d 183 (Mich. 2017).

Petitioner filed his habeas petition in the United States District Court for the Western District of Michigan on April 27, 2018, and on May 21, 2018, United States Magistrate Judge Phillip J. Green transferred the case to this District because venue is proper here. In his habeas petition, Petitioner alleges as grounds for relief that he was denied his constitutional right to effective assistance of counsel under the Sixth Amendment when his trial attorney (1) failed to subpoena Investigator Gerald Borycz, (2) failed to impeach prosecution witness Eric Bowler regarding his interaction with Investigator Borycz, and (3) failed to interview and subpoena prosecution witness Terrloyn Parham. In a fourth claim, Petitioner contends that his appellate attorney also was ineffective, because the attorney failed to file Petitioner's pro se brief, as promised. Because Petitioner does not appear to have exhausted state remedies for all these claims, the Court will direct him to inform the Court how he wants to proceed.

## II. Analysis

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Thus, to properly exhaust state remedies, prisoners must fairly present the factual and legal basis for each of their claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. Wagner v. Smith, 581 F.3d 410, 414-15 (6th Cir. 2009).

Petitioner alleges that he raised his first and second claims on appeal from his conviction, but he admits that he did not raise his third claim on direct appeal. See Pet., pp. 6-7, 9, ECF No.1, PageID. 6, 8, 11. In addition, although Petitioner claims that he raised his fourth claim on appeal, see id., p. 10, PageID. 13, it does not appear that he raised the claim in the Michigan Court of Appeals, see White, 2016 WL 4008532. The Court therefore concludes that the petition is a "mixed" petition of exhausted and unexhausted claims.

"A federal district court, generally speaking, may not grant the writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims that he has not." Harris v. Lafler, 553 F.3d 1028, 1031 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A) and Rhines v. Weber, 544 U.S. 269, 273-74 (2005)); see also Rose v. Lundy, 455 U.S. 509, 510 (1982) (noting that "the exhaustion rule in 28 U.S.C. §§ 2254(b), (c) requires a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state court," and holding "that a district court must dismiss 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court"). Furthermore, Petitioner has an available state remedy to exhaust: a motion for relief from judgment under Michigan Court Rule 6.502 and an appeal from any denial of the post-conviction motion.

> When faced with a mixed petition , . . . the district court has four options: (1) stay the entire petition; (2) dismiss the entire petition without prejudice; (3) deny the entire petition on the merits; or (4) dismiss the unexhausted claims and proceed with the exhausted ones.

3

Swanson v. DeSantis, 606 F.3d 829, 831 (6th Cir. 2010) (citing Harris, 553 F.3d at 1031-32).

The Court assumes that Petitioner does not want the Court to dismiss his entire petition on the merits (option three). Accordingly, the Court ORDERS Petitioner to inform the Court within thirty (30) days of the date of this order whether he wants the Court to:

> stay his petition (option one);
>
> dismiss the entire petition without prejudice (option two); or
>
> dismiss his unexhausted claims and proceed with only his exhausted ones (option four).

The Court declines to say whether any of Petitioner's claims would be time-barred if Petitioner chose to return to state court to pursue additional state-court remedies.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8/15/2018